MAX GREENWALD ET AL., APPELLANTS, v. MAX PERL-
MUTTER, RESPONDENT.

Submitted February 12, 1932—Decided May 16, 1932.

For the appellants, *Samuel Koestler*.

For the respondent, *Abe J. David*.

The opinion of the court was delivered by

DONGES, J. This appeal brings up a judgment of the Supreme Court entered on *postea* after a trial before Mr. Justice Daly, as Circuit Court judge, without a jury. The complaint originally contained four counts. The first and second counts set up that under an agreement of letting of certain store premises there were also let certain fixtures which were to be used by the defendant below without additional rent, and which, by the agreement of letting, were to be returned in the same condition as they were at the time of the letting; and alleging that by reason of a fire the fixtures were damaged and were not returned to the plaintiffs below in the condition in which they were when the defendant took possession thereof.

The third count sought judgment for a month's rent, as evidenced by a check given for the December, 1922, rental, which admittedly was not paid, and which was not contested at the trial; so that judgment was entered for the plaintiffs below on this count and there is no appeal therefrom.

The fourth count was abandoned at the trial.

The question, therefore, before us is whether the plaintiffs below were entitled to recover the cost of restoring the fixtures after the fire to the condition they were when the defendant entered into possession of them.

By the terms of the lease, it was provided, in the printed part, that at the expiration of said term, and the termination of the lease, the premises were to be surrendered in as good a state and condition as reasonable use and wear thereof would permit, damage by the elements excepted. In a typewritten portion it was provided: "The tenant hereunder shall have the right, without the payment of additional rental, to use the butcher and other fixtures in said premises, and upon the termination, expiration or sooner termination of this lease, shall return the same to the landlord hereunder in as good conditon as the same now are."

It is admitted that on December 5th, 1922, a fire started in another portion of the building, without any fault or neglect on the part of the defendant, and extended to the defendant's premises, in consequence of which some of the butcher fixtures were damaged, some damaged beyond repair, and some totally destroyed. The plaintiffs below assert that the contract of letting, in so far as it related to the fixtures, imposed upon the defendant an absolute duty to return the property in as good condition as it was when he entered into possession of it, and this without regard to how any damage might occur.

Mr. Justice Daly found that there was no such obligation upon the part of the tenant. In his findings of fact, he found that there was no fault of the tenant, and that the defendant was not obligated to repair the fire damage to the fixtures.

By the testimony on behalf of the plaintiffs, it appears that some of the property was damaged beyond repair and some was destroyed. Other portions were damaged so that restoration would be possible. The plaintiff contends that the undertaking was an absolute one on behalf of the tenant to return the property in the condition it was regardless of

its destruction or damage by whatever cause. This view makes the defendant an insurer.

The general rule is, where parties have made an agreement and where as the result of accident, one of two innocent persons must sustain a loss, the law casts it upon him who has agreed to sustain it. But there are exceptions to this general rule and one is, where the continued existence of something essential to the performance is an implied condition of the contract, the agreement to return the property is not an absolute one, but it is with the implied condition of the continued existence of the thing to be returned. As was said by Chief Justice Gummere in *Gouled* v. *Holowitz*, 95 *N. J. L.* 277, if the property is destroyed without the fault of the hirer, so that delivery becomes impossible, the hirer is excused; and he quotes from Mr. Justice Blackburn in *Taylor* v. *Caldwell*, 3 *B. & S.* 826, to the effect that "in contracts in which the performance depends on the continued existence of a given person or thing, a condition is implied that the impossibility of performance arising from the perishing of the person or thing (without the fault of the person against whom the contract is sought to be enforced) shall excuse the performance."

In the instant case obviously the purpose was to impose upon the hirer the duty of keeping the property in good condition and returning it in the same condition as he received it, and perhaps the language goes no further than this, although it appears to impose an absolute duty of returning it in the same condition. However, when, without fault of the hirer, part of the property was destroyed, he was absolved from the performance of the contract.

In *Perlee* v. *Jeffcott*, 89 *N. J. L.* 34, where there was a contract for the purchase of a farm on which there were some buildings, and one of the buildings was struck by lightning and destroyed, the vendee declined to perform and there was a suit on a note he had given. Mr. Justice Swayze, speaking for the Supreme Court, held that the vendee need not pay the note because the destruction of the barn made it impossible to perform as agreed, and the partial destruc-

tion of the thing to be sold relieved both parties from further performance.

In the instant case some of the fixtures, at least, were completely destroyed, and some were damaged beyond repair. This total destruction rendered the performance of defendant's undertaking, as an entirety, impossible. It was, therefore, impossible for him to do exactly what he had agreed to do. And this situation came about through no fault of his.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.